IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THADDEUS A. STACY, | Civil No. 05-1369-HO |
| Plaintiff, | ORDER |
| v. | |
| OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION, et al., | |
| Defendants. | |

Plaintiff filed a motion for preliminary injunction to prevent defendants and defendants' agents, employees or representatives from designating plaintiff as a sex offender under Oregon's sex offender registration laws, designating plaintiff as a predatory sex offender under Oregon's community notification laws, and designating plaintiff as a sex offender in the Law Enforcement Data Systems (LEDS) database. Plaintiff requests expedited consideration without oral argument before his scheduled release from prison on the morning of November 3, 2005. The court has considered plaintiff's filing and defendants'

responses. For the reasons explained below, the motion for preliminary injunction is denied.

## Discussion

A preliminary injunction is appropriate if the party seeking the injunction proves a sufficient probability of irreparable harm, considering his chances for success on the merits, and in some cases, whether the public interest favors an injunction. See Johnson v. California Bd. of Accountancy, 72 F.3d 1427, 1430 (1995). At a minimum, the proponent of injunctive relief must prove a fair chance of success on the merits. Id.

As the court reads the complaint, plaintiff alleges that the Oregon Board of Parole and Post-Prison Supervision (parole board) deprived of him of due process when it designated him as a predatory sex offender, the legislature enacted Oregon's sex offender registration laws in violation of the constitutional prohibition against ex post facto laws and bills of attainder, and Oregon's sex offender registration laws lack procedural safeguards necessary to satisfy the requirements of due process. Plaintiff's filings in support of his motion for preliminary injunction address only whether the parole board deprived plaintiff of due process in designating him as a predatory sex offender.

While plaintiff may yet establish that designation as predatory sex offender implicates a liberty interest, on the

record before the court, plaintiff has less than a fair chance of success on his due process claims. Plaintiff has prior convictions for attempted sodomy in the second degree, sodomy in the third degree and sex abuse in the first degree. Baker Aff., ¶¶ 11, 19. To satisfy the due process rights of an inmate with prior convictions for sex crimes, prison officials need do no more than notify the inmate that he has been classified as a sex offender. Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997). Oregon's courts interpret the Due Process Clause to require additional procedures before a person may be designated as a predatory sex offender. See Noble v. Board of Parole, 964 Pl.2d 990 (Or. 1998); V.L.Y. v. Board of Parole, 106 P.3d 145 (Or. 2005). This court is bound by the ruling of the Ninth Circuit Court of Appeals in Neal, however. When applied to plaintiff, Oregon's sex offender registration and notification laws do not violate due process for lack of procedural protections. See Neal, 131 F.3d at 831.

As noted, plaintiff has not briefed other constitutional violations alleged in the complaint. The court concludes that plaintiff has less than a fair chance of prevailing on these claims. Oregon's registration and notification laws serve a non-punitive purpose, and likely are not so punitive as to violate the Ex Post Facto Clause. See Meadows v. Board of Parole, 47 P.3d 506, 509-510 (Or.App. 2002) (stating purpose and effect in

evaluating laws under Oregon Constitution); See <u>Smith v. Doe</u>, 538 U.S. 84 (2002) (Alaska registration law is non-punitive in intent and effect and does not violate Ex Post Facto Clause).

Based on the foregoing, plaintiff has not demonstrated a fair chance of success on the merits of his claims. The court therefore finds it unnecessary to address the question of irreparable injury. See <u>Johnson</u>, 72 F.3d at 1430.

## Conclusion

Based on the foregoing, plaintiff's motion for preliminary injunction [#3] is denied.

IT IS SO ORDERED.

DATED this 2nd day of November, 2005.

_____
Michael C. Hogan
United States District Judge

4 - ORDER