```
                   IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON

THADDEUS A. STACY,                            Civ. No. 05-1369-HO

          Plaintiff,                          ORDER

     v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION, et al.,

          Defendants.
```

The pro se plaintiff filed this action for injunctive relief against state and county officials in their official capacities. The court reads the complaint to allege that the Oregon Board of Parole and Post Prison Supervision (parole board) denied plaintiff of due process and imposed unconstitutional retroactive punishment when it designated plaintiff as a predatory sex offender for purposes of Oregon's sex offender community notification laws, in violation of 42 U.S.C. § 1983. Plaintiff seeks an order requiring that the state of Oregon vacate its decision to label plaintiff a predatory sex offender and remove the designation from all state records, documents and databases.

State defendants and defendant Wanless filed motions for summary judgment. Plaintiff filed no responses, although the court advised by minute order that a failure to respond could result in the court granting the motions.

## Undisputed Facts

Defendants' facts are deemed admitted by virtue of plaintiff's failure to deny or controvert those facts by a separate concise statement. LR 56(f).

On February 28, 2001, plaintiff signed a notice indicating that he received a copy of a risk assessment scale that the parole board would use to decide whether he should be designated a predatory sex offender. Def's Resp. to Pl's Mot. for Prelim. Inj., ex. 101 (Baker Aff.), att. 31. The notice advised plaintiff that the parole board would designate him a predatory sex offender if he scored three or more starred items on the negative scale of the risk assessment. Id. The notice further advised plaintiff that he had a right to inform the parole board in writing of reasons the score is wrong. Id. Plaintiff indicated on the notice that he did not wish to submit a written objection and signed the notice. Id. Plaintiff scored three or more starred items on the negative scale of the risk assessment. Id., att. 30. The parole board found plaintiff to be a predatory sex offender on March 12, 2001. Id., att. 34.

///

## Discussion

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The complaint alleges that in June 2005, a government employee at the Columbia River Correctional Institute handed plaintiff a "Static 99," which the employee explained was a form issued by the parole board to determine a person's designation as a "predator." Complaint at 4. The "Static 99" is a sex offender risk assessment scale approved by the Department of Corrections. See OAR 255-060-0011; Or. Rev. Stat. § 181.585(2). The complaint further alleges that plaintiff objected to the board's action because he was not in custody for sex crimes, and plaintiff challenged the use of the form in light of V.L.Y. v. Board of Parole and Post Prison Supervision, 106 P.3d 145 (Or. 2005).[1]

The summary judgment record contains no evidence substantiating the allegations of a 2005 board action designating

---

[1] Under the present statutory formulation of the predatory sexual offender designation, any party facing such a designation . . . must be accorded the basics of due process. Those basics, at a minimum, include notice and the opportunity to be heard as to all factual questions at a meaningful time and in a meaningful manner . . . [T]he board is not at liberty to substitute a purely documentary exercise for the hearing that any person faced with such a designation is entitled to receive.

V.L.Y., 106 P.3d at 150-51.

3 - ORDER

plaintiff as predatory sex offender.  The summary judgment evidence concerns only the board's March 12, 2001 designation.  That designation was ripe for challenge on the date it was issued.  <u>Noble v. Board of Parole and Post-Prison Supervision</u>, 964 P.2d 990, 993 (Or. 1998).  Plaintiff filed the complaint well beyond the expiration of the two-year period for filing Section 1983 claims related to the March 12, 2001 designation.  <u>Plumeau v. School District #40 County of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997).

There is a failure of proof with respect to any 2005 designation of plaintiff as a predatory sex offender.  The time to challenge the 2001 designation has passed.  Moreover, plaintiff has not filed responses to defendants' motions.

## Conclusion

Based on the foregoing, state defendants' motion for summary judgment [#43] is granted; defendant Wanless's motion for summary judgment is granted; this action is dismissed.

IT IS SO ORDERED.

DATED this   8th   day of August, 2006.

                                         s/ Michael R. Hogan
                                         United States District Judge

4 - ORDER